# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1129

_____

| | | |
|---|---|---|
| Richard Lewis, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| St. Cloud State University, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 28, 2006
Filed:  October 31, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Richard Lewis filed suit against St. Cloud State University, claiming age discrimination in violation of the Age Discrimination in Employment Act (ADEA), *see* 29 U.S.C. §§ 621-634, and violations of the retaliation provisions of both the ADEA, *see* 29 U.S.C. § 623(d), and Title VII, *see* 42 U.S.C. § 2000e-3(a).  He also made parallel claims under the Minnesota Human Rights Act (MHRA), *see* Minn.

Stat. §§ 363A.08.2, 363A.15(1).  The University moved for summary judgment, which the district court[1] granted on all claims.  Mr. Lewis appealed and we affirm.

## I.

We review the district court's grant of summary judgment *de novo*, and must affirm if, viewing the facts in a light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1780 (2006).

The facts viewed favorably to Mr. Lewis are as follows.  Mr. Lewis has been a history professor at the University for thirty years.  He was named interim dean of the college of social sciences (COSS) in 1997 and was promoted to dean of COSS in 1999 at the age of sixty-two.  When Mr. Lewis returned to work in the spring of 2002 after suffering a mild heart attack, his supervisor told him that "the president had told her that there were rumors that [Mr. Lewis] wanted to retire and that a plan had been developed, a plan in which a search could be completed and [Mr. Lewis] would be replaced as of the following January."  Mr. Lewis denied this rumor in a formal written response to the president of the University, Roy Saigo, stating, "I found this news [of his rumored retirement and the search for a new dean] profoundly disturbing ... Clearly this action by the president is trying to force me to resign ... This creates a hostile work environment for me and constitutes blatant age discrimination."  The University took no further action to remove Mr. Lewis as dean at that time.

Around the time that Mr. Lewis had returned to work, the University reorganized its administration and, beginning in June, 2002, Mr. Lewis began

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

reporting to Michael Spitzer, the newly hired provost and vice president for academic affairs. Mr. Spitzer, who reported directly to President Saigo, met with Mr. Lewis once every two weeks. In April, 2003, eleven months after Mr. Spitzer became provost, he recommended to President Saigo that the University replace Mr. Lewis as dean, and President Saigo assented. (The decision to terminate Mr. Lewis from the deanship was ultimately President Saigo's, but the president testified that he gave deference to Mr. Spitzer's recommendation due to Mr. Spitzer's direct supervision of Mr. Lewis.)

In May, Mr. Spitzer met with Mr. Lewis, told him that he needed "to plan [his] retirement from the deanship," and asked Mr. Lewis to propose an exit strategy by the following week. Throughout the ensuing months, Mr. Lewis and his lawyer worked with Mr. Spitzer on an exit strategy, but no agreement was reached. In October, 2003, the University terminated Mr. Lewis's appointment as dean.

## II.

We turn first to Mr. Lewis's ADEA claim. The ADEA forbids employers from taking adverse employment actions against employees because of their age. *See* 29 U.S.C. § 623(a)(1). Because Mr. Lewis did not produce "strong (direct) evidence that ... discrimination motivated any alleged adverse employment action against him," he was required to "produce sufficient circumstantial evidence of illegal discrimination under the *McDonnell Douglas* paradigm." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004) (relying on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)).

To make out a *prima facie* case of age discrimination, Mr. Lewis had to show that he was at least forty years old, suffered an adverse employment action, was meeting his employer's reasonable expectations at the time of the adverse employment action, and was replaced by someone substantially younger. *See Haas v. Kelly Servs, Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005). The University did not dispute that

Mr. Lewis met the first three requirements. It contended, however, that Mr. Lewis did not satisfy his *prima facie* burden because he was not replaced by someone substantially younger than he was. The district court disagreed, holding that Mr. Lewis met, "but barely so," his burden of showing that he was replaced by someone substantially younger.

When Mr. Lewis left his post as dean of COSS, he was temporarily replaced by the associate dean, who was six-and-a-half years his younger, while the University conducted a search for his permanent replacement. Eight months later, the University permanently filled the position with Ronald Farrell, who was two-and-a-half years younger than Mr. Lewis. Mr. Farrell unexpectedly stepped down a year later and he was replaced, on an interim basis, by Sharon Codgill, who is eleven years younger than Mr. Lewis. The University stresses the fact that Mr. Lewis's permanent replacement was appointed after conducting a nationwide search and was only a year younger than Mr. Lewis was when he was demoted (Mr. Lewis was demoted at age sixty-five; Mr. Farrell was hired at age sixty-four). The district court determined that Mr. Lewis had met his *prima facie* burden because the University had also filled the position with persons six-and-a-half and eleven years younger.

In holding that a plaintiff cannot establish the fourth element of a *prima facie* age discrimination case without showing that his or her replacement was significantly younger, the Supreme Court indicated that "the replacement of a 68-year-old by a 65-year-old" was "very thin evidence" that would not meet this standard. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996). We have held that a five-year age difference is insufficient to establish a *prima facie* case, *see Schiltz v. Burlington Northern R.R.*, 115 F.3d 1407, 1413 (8th Cir. 1997), and voiced doubt about whether a nine-year age difference is "sufficient to infer age discrimination," *see Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir. 2003); *cf. Keathley v. Ameritech Corp.*, 187 F.3d 915, 920-21, 924 (8th Cir. 1999).

We think that the important datum here is the age of the person whom the University chose as Mr. Lewis's permanent replacement. Therefore we conclude, in disagreement with the district court, that Mr. Lewis failed to establish a *prima facie* case of age discrimination since his permanent replacement was only two-and-a-half years younger than he.

Even if we were to hold that Mr. Lewis established a *prima facie* case, though, we would still reach the same conclusion under the *McDonnell Douglas* framework. If a plaintiff makes out a *prima facie* case, this framework requires an employer to produce evidence of a legitimate, nondiscriminatory reason for its action before shifting the burden back to the plaintiff to show that the proffered reasons are a mere pretext for discrimination. *See Haas*, 409 F.3d at 1035-36.

Here, the University produced three legitimate, nondiscriminatory reasons for demoting Mr. Lewis: He created a divisive environment between the faculty and the administration, he was ineffective in handling interpersonal conflicts among faculty, and he engaged in favoritism and bias in some of his personnel evaluations. Mr. Spitzer detailed particular incidents behind these reasons in his deposition testimony, and Mr. Lewis does not dispute the underlying facts. Rather, Mr. Lewis argues, as the district court noted, that the reasons are not legitimate because " 'Deans are not required to be perfectly in sync with the Provost and President on [faculty] recommendations, and disputing views are not infrequent within academia.' " *Lewis v. St. Cloud State Univ.*, No. Civ. 04-4379, 2005 WL 3134064, at *7 n.7 (D. Minn. Nov. 23, 2005). But the district court went on correctly to conclude that "[s]uch arguments do not go to whether or not Spitzer's reasons for terminating Lewis are legitimate and nondiscriminatory. Rather, they go to whether those reasons are wise and that is not a consideration for the Court in this inquiry." *Id.* This holding echoes our admonition that we "do not sit as a super-personnel department and second guess business decisions." *Haas*, 409 F.3d at 1036.

The University having thus met its burden of producing legitimate, nondiscriminatory reasons for removing Mr. Lewis from the deanship, the burden shifts to Mr. Lewis to show that the stated reasons are pretextual. "At this stage, [Mr. Lewis] can avoid summary judgment only if the evidence considered in its entirety (1) created a fact issue as to whether [the University's] proffered reasons are pretextual *and* (2) created a reasonable inference that age was a determinative factor in the adverse employment decision." *Id.* at 1035 (internal quotation marks and citation omitted). The "ultimate burden of persuading the factfinder of intentional age discrimination rest[s] with [Mr. Lewis] at all times." *Id.* at 1036.

Mr. Lewis identifies the 2002 "retirement rumor" and Mr. Spitzer's statement to him in May, 2003, that he should start planning his "retirement from the deanship" as evidence that "age was a determinative factor in the adverse employment decision," specifically arguing that the word "retirement" connotes age. We have held, however, that "reasonable inquiries into an employee's retirement plans do not permit an inference of [age] discrimination." *Sprenger v. Federal Home Loan Bank of Des Moines*, 253 F.3d 1106, 1113 (8th Cir. 2001).

Mr. Lewis also points to his positive annual performance reviews as evidence that the University's stated reasons for demoting him should not be believed. The last of those reviews was prepared by Mr. Lewis's previous supervisor shortly before Mr. Spitzer became provost and about a year before Mr. Lewis was demoted. While favorable performance reviews sometimes provide evidence of pretext, *see Parrish v. Immanuel Medical Center*, 92 F.3d 727, 733 (8th Cir. 1996), we agree with the district court that "receipt of positive reviews in the past, in and of itself, does not necessarily raise an inference of age discrimination." *See Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998). Here we do not believe that Mr. Lewis's past reviews created such an inference because the University's proffered reasons for his demotion were based on incidents that Mr. Lewis did not dispute, some of which occurred after his previous supervisor evaluated him for the last time.

*Cf. id.* Having reviewed the evidence in its entirety, we agree with the district court that Mr. Lewis did not satisfy his burden of "presenting a triable issue of fact that his deanship was terminated because of age discrimination," *Lewis*, 2005 WL 3134064, at \*9. *See Haas*, 409 F.3d at 1035-36.

### III.

We turn next to Mr. Lewis's retaliation claims. Mr. Lewis argues that his removal from the deanship was in retaliation for his claim of age discrimination in his June, 2002, letter and for "advocating or supporting rights of minorities and faculty of color." The *McDonnell Douglas* burden-shifting regime applies to retaliation claims as well, and in order to establish a *prima facie* case of retaliation, Mr. Lewis must show that he participated in a protected activity, that the University took an adverse employment action against him, and that a causal connection exists between the two. *Logan*, 416 F.3d at 880; *Haas*, 409 F.3d at 1036-37.

The parties do not dispute that Mr. Lewis established the first two elements of the *prima facie* case. But on both claims of retaliation, the district court held that Mr. Lewis had not presented sufficient evidence to create a material issue of fact as to a causal connection between his demotion and any protected activity in which he engaged.

With respect to the age-discrimination retaliation claim, we think that the district court correctly held that the eleven-month interval between Mr. Lewis's June, 2002, letter alleging age discrimination and Mr. Spitzer's May, 2003, statement to Mr. Lewis that he was being replaced and should plan his retirement was insufficient to establish a causal connection. We have held that an interval as brief as two months did not show causation for purposes of establishing a retaliation claim, *see Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002), and that a two-week interval was "sufficient, but barely so," *Smith v. Allen Health Systems, Inc.*, 302 F.3d 827, 833 (8th Cir. 2002). And Mr. Lewis failed to provide any

additional evidence of a causal link between his complaint of age discrimination and his removal as dean. We accordingly hold that his age-discrimination retaliation claim is without merit.

Mr. Lewis also produced no evidence to support his contention that he was retaliated against for "advocating or supporting rights of minorities and faculty of color," and this second retaliation claim thus fails for the same reasons that the first did.

## IV.

Because we analyze MHRA claims under the same standards as ADEA claims, *see Baucom v. Holiday Cos.*, 428 F.3d 764, 766-67 (8th Cir. 2005), Mr. Lewis's state-law arguments fail on their merits for the reasons already given.

Affirmed.

_____