**Dona G. WOEHL, Plaintiff,**

v.

**HY–VEE, INC., Defendant.**

**No. 4:08–cv–00019–JAJ.**

United States District Court, S.D. Iowa, Central Division.

July 10, 2009.

Michael J. Carroll, Kodi A. Petersen, Babich Goldman Cashatt & Renzo PC, Des Moines, IA, for Plaintiff.

Kermit B. Anderson, Finley Alt Smith Scharnberg Craig Hilmes & Gaffney PC, Des Moines, IA, for Defendant.

## ORDER

JOHN A. JARVEY, District Judge.

This matter comes before the court pursuant to the Defendant Hy–Vee, Inc.'s, ("Hy–Vee") motion for summary judgment. [Dkt. 15]. Plaintiff Dona G. Woehl ("Woehl") filed a response in opposition to summary judgment on May 29, 2009. [Dkt. 18]. On June 12, 2009, Hy–Vee filed a reply to Woehl's response in opposition to summary judgment. [Dkt. 23]. For the reasons set out below, Hy–Vee's motion is granted.

### I. PROCEDURAL BACKGROUND

On January 10, 2008, Woehl brought this action against Hy–Vee, alleging that Hy–Vee discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, et seq., and the Iowa Civil Rights Act, Iowa Code Chapter 216. [Dkt. 1]. Woehl worked at the Ankeny Hy–Vee as a floral manager or equivalent position from March 1979 to October 12, 2006. She alleges that Hy–Vee terminated her employment on October 12, 2006, due to her age. Woehl was 52 years old on the date she was removed from her position. Woehl

alleges that she received no warnings or reprimands prior to her termination, and Hy–Vee failed to provide her with a reason for her termination. Hy–Vee filed an answer on January 24, 2008. [Dkt. 3].

On May 1, 2009, Hy–Vee filed a motion for summary judgment pursuant to Federal Rule of Procedure 56. [Dkt. 15]. Hy–Vee urges this court to grant summary judgment on two grounds. First, Hy–Vee argues that Woehl failed to establish a *prima facie* case of age discrimination. Next, Hy–Vee argues that even if Woehl established a *prima facie* case, no evidence exists to demonstrate that Hy–Vee's proffered reason for the termination was pretextual and that age discrimination was the true reason for the termination. On May 29, 2009, Woehl filed a response to Hy–Vee's motion for summary judgment. [Dkt. 18]. Woehl contends that she established a *prima facie* case for age discrimination. Furthermore, she argues that a genuine issue of material fact exists regarding Hy–Vee's proffered reason for terminating Woehl and that a reasonable jury could infer that Hy–Vee's proffered reason was pretextual. On June 12, 2009, Hy–Vee filed a reply. [Dkt. 23].

## II. STATEMENT OF MATERIAL FACTS

Woehl was born on June 25, 1954. In June of 1980, Woehl commenced employment at the Hy–Vee store in Ankeny as the manager of the floral department. On October 12, 2006, Ankeny store director Ken Butcher met with Woehl. Scott Gaskill, manager of store operations and Woehl's direct supervisor, was also present at the meeting. Prior to the meeting, Butcher told Gaskill that he was unhappy with floral department's recent quarterly inventory, and that it was time to make a change. In the meeting, Butcher told Woehl she was being relieved of her position as floral manager. Hy–Vee alleges that Butcher did not terminate Woehl's employment with Hy–Vee on October 12, 2006. Hy–Vee alleges that Butcher directed Woehl to look into other job opportunities within the company. Woehl alleges that she asked Butcher if she was being terminated, and he told her, "Whatever it takes." Woehl alleges that Butcher told her she would never work another day in the Ankeny store. Woehl was instructed not to return to work at the floral department that day, and she was escorted off the premises. Woehl was 52 years old when her employment as floral manager ended.

Hy–Vee alleges that for a nine-month period prior to Woehl's removal, Butcher was unhappy with Woehl's job performance. During several quarterly inventories, Butcher discussed with Woehl her lack of gross profit, high labor costs, sales, and personnel. Butcher stated that he did not, at any point, tell Woehl that her job was in jeopardy. According to Butcher, the company-wide goal for floral departments was 55% gross profit. He asked Woehl to achieve 50% as a starting point. In the sixteen quarters prior to the end of her employment as floral manager, Woehl attained this goal twice, in the quarters ending in June 2004 and June 2005. Other than the quarters ending in June 2004 and June 2005, Woehl attained a gross profit percentage above 45% in five quarters. In the remaining nine quarters, her gross profit percentage was below 45%. In the quarter ending September 2006, the last quarter before Woehl's employment ended, Woehl's gross profit percentage was 37.1%. Butcher was also dissatisfied with the high inventory in the floral department and lack of training for floral department employees. Woehl was instructed to maintain no more than $20,000 of inventory. In the quarter ending September 2006, the last inventory period before Woehl's employment ended, she reported an ending inventory of $32,657.

Woehl alleges that Butcher occasionally discussed gross profit percentage with her, but seemed more concerned with her sales. The Ankeny Hy–Vee store underwent an extensive remodel during the last two years Woehl was floral manager. Woehl's sales were generally acceptable during the remodel, despite the disruption caused by the construction. In the quarter ending in June 2006, Woehl's sales at the Ankeny store increased by 38.6%, ranking first in the 39–store comparison group, and in the quarter ending in September 2006 by 18.11%, ranking third. Woehl alleges that the inventory in the floral department was high because Butcher directed her to order a large amount of fresh cut flowers from Flower Distributors of Iowa ("FDI"), a Hy–Vee subsidiary. By the quarter ending in June 2006, however, the Ankeny store ranked thirty-third in size of average inventory, and in the quarter ending in September 2006, the store ranked thirty-fourth. Woehl contends that she only failed to train one part-time employee, Ashley Stephenson. Woehl claims that Stephenson was difficult to work with, and that she had spoken with Mike Blunk, the human resources manager, about transferring Stephenson to another department. Woehl says that she was never informed that her job was in jeopardy due to the gross profit percentages, high inventory, and employee training issues.

After the October 12, 2006, meeting with Butcher, Woehl called Rita Peters, vice president of floral operations at Hy–Vee. Woehl informed Peters she was no longer floral manager at the Ankeny store. Peters offered to help Woehl find employment as a designer in another store. On November 10, 2006, Woehl was offered a full-time position as a pharmacy technician at the Ankeny store. Woehl declined the offer, and alleges that it was not a bona fide offer because she was not qualified for the position and Butcher told her she would never work another day in the Ankeny store on October 12, 2006.

At the time Woehl's employment as floral manager ended, Butcher did not have a particular person in mind to fill the position. Through the corporate office, a bulletin was put out to the entire company requesting applications. Jodi Evans, born October 3, 1971, submitted an application for the position on October 17, 2006. At the time, Evans was an associate with Florist Distributing, Inc. She had worked as a display coordinator and assistant floral manager from 1992 to 1997 and as a floral manager in two different Hy–Vee stores from 1997 to 2006. On November 13, 2006, Butcher hired Evans to be the floral manager for the Ankeny store. Evans was 35 years old when she was hired to be the floral manager.

### III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted only if, after examining all of the evidence in the light most favorable to the nonmoving party, the court finds that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *HDC Medical, Inc. v. Minntech Corp.*, 474 F.3d 543, 546 (8th Cir.2007) (citation omitted); *see also Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 817 (8th Cir.2008) ("[S]ummary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.").

Once the movant has properly supported its motion, the nonmovant "may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The

nonmoving party must make a satisfactory showing on every element of its case for which it has the burden of proof at trial." *Housley v. Orteck Intern., Inc.,* 488 F.Supp.2d 819, 827 (S.D.Iowa 2007) (citing *Wilson v. SW. Bell Tel. Co.,* 55 F.3d 399, 405 (8th Cir.1995); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "[A]n issue of material fact is genuine if the evidence is sufficient to allow a reasonable jury verdict for the nonmoving party." *Great Plains Real Estate Devel., L.L.C. v. Union Central Life Ins., et al.,* 536 F.3d 939, 944 (8th Cir.2008) (citation omitted). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Saffels v. Rice,* 40 F.3d 1546, 1550 (8th Cir.1994) (citation omitted). The nonmoving party is entitled to all reasonable inferences that can be drawn from the evidence without resort to speculation. *Sprenger v. Fed. Home Loan Bank of Des Moines,* 253 F.3d 1106, 1110 (8th Cir.2001).

"[A]lthough [the non-moving party] does not have to provide direct proof that genuine issues of fact exist for trial, the facts and circumstances that she [or he] relies 'upon must attain the dignity of substantial evidence and not be such as merely to create a suspicion.'" *Taylor v. White,* 321 F.3d 710, 715 (8th Cir.2003) (citation omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Sprenger,* 253 F.3d at 1110 (citation omitted). "To survive summary judgment, a plaintiff must substantiate his allegations with enough probative evidence to support a finding in his [or her] favor." *Roeben v. BG Excelsior Ltd. Partnership,* 545 F.3d 639, 643 (8th Cir.2008) (citing *Haas v. Kelly Services, Inc.,* 409 F.3d 1030, 1034 (8th Cir. 2005)).

## IV. CONCLUSIONS OF LAW

It is unlawful under the ADEA for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). It is unlawful under the ICRA for an employer "to refuse to hire, accept, register, classify, or refer employment, to discharge any employee, or to otherwise discriminate in employment against . . . any employee because of the age . . . of such . . . employee, unless based on nature of occupation." Iowa Code Ann. § 216.6(1)(a).[1]

"To establish a claim of intentional age discrimination, a plaintiff may present direct evidence of such discrimination or may prove his claim through circumstantial evidence." *Carraher v. Target Corp.,* 503 F.3d 714, 716 (8th Cir.2007) *quoted in Loeb v. Best Buy Co., Inc.,* 537 F.3d 867, 872 (8th Cir.2008).[2]

Where the plaintiff presents direct evidence of discrimination, the court analyzes her claim under the mixed-motives framework established in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 278–79,

---

1. Claims brought pursuant to the ICRA undergo the same analysis as claims brought pursuant to the ADEA, thus the court will not separately discuss Woehl's claims under the ICRA. *See King v. United States,* 553 F.3d 1156, 1160 n. 3 (8th Cir.2009).

2. The Eighth Circuit Court of Appeals defined "direct evidence" as "evidence 'showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated' the adverse employment action." *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004) *quoted in Carraher,* 503 F.3d at 716.

109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (O'Connor J., concurring). Alternatively, where the plaintiff presents indirect evidence of discrimination, the court analyzes her claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*King v. United States*, 553 F.3d 1156, 1160 (8th Cir.2009) (internal citation omitted). In this matter, Woehl admittedly offers no direct evidence and relies instead on circumstantial evidence. (Woehl's Summary Judgment Brief, p. 8). "Where, as here, the plaintiff presents only circumstantial evidence of discrimination, we apply the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973)." *Loeb*, 537 F.3d at 872 (citing *Carraher*, 503 F.3d at 716).

In a decision published last month, the Supreme Court held that the burden of persuasion in ADEA cases is "materially different" than that in Title VII cases, and that the familiar burden-shifting framework of *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), does not apply to ADEA claims. *Gross v. FBL Financial Services, Inc.*, — U.S. ——, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009). The Supreme Court held that the text of Title VII provides that a plaintiff may establish discrimination by showing that an improper consideration was a motivating factor for an adverse employment decision. *Id.* at 2349. The Supreme Court stated that the ADEA, however, requires that a plaintiff prove by the preponderance of the evidence that "age was the 'but-for' cause of the challenged adverse employment action." *Id.* at 2352. The Supreme Court held that the burden of persuasion does not shift to the employer "to show that it would have taken the action regardless of age, even when plaintiff has produced some evidence that age

was one motivating factor in that decision." *Id.*

■ In regards to burden-shifting analysis contained in *McDonnell Douglas* and applied to ADEA claims that rest on circumstantial evidence, the Supreme Court stated that it "ha[d] not decided whether [such framework], utilized in some Title VII cases, is appropriate in the ADEA context." *Id.* at 2349 n. 2. The Supreme Court cited two cases in support of this proposition, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) and *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). In both *Reeves* and *O'Connor*, the Supreme Court acknowledged that it had not squarely decided whether the *McDonnell Douglas* framework applies to ADEA claims, but applied it in both cases because the parties did not dispute the issue. 530 U.S. at 142, 120 S.Ct. 2097, 517 U.S. at 311, 116 S.Ct. 1307. Such is the case here, where both parties have briefed this matter with the assumption that the *McDonnell Douglas* analysis is applicable. Regardless of whether or not the burden-shifting analysis of *McDonnell Douglas* is applicable, Woehl's claims fail to survive summary judgment.

### A. *McDonnell Douglas Analysis*

Woehl must establish a *prima facie* case of discrimination. *Loeb*, 537 F.3d at 872 (citation omitted). She must show that:

(1) at the time [s]he was fired [s]he was over 40 (a member of the class protected by the ADEA) ("individuals who are at least 40 years of age," 29 U.S.C. § 631(a)); (2) [s]he was otherwise qualified for the position that [s]he had; (3) [s]he was discharged by [Hy–Vee]; and (4) [Hy–Vee] subsequently hired a younger person to fill [her] position.

*Loeb*, 537 F.3d at 872 (citing *Reeves*, 530 U.S. at 142, 120 S.Ct. 2097). If Woehl successfully makes a *prima facie* case, then Hy–Vee is required "to proffer a legitimate, nondiscriminatory reason under the *McDonnell Douglas* test for [Woehl's] termination." *Loeb*, 537 F.3d at 872 (citing *Wittenburg v. Am. Express Fin. Advisors, Inc.*, 464 F.3d 831, 836 (8th Cir. 2006)). If Hy–Vee does so, then the burden shifts to Woehl to establish that "this nondiscriminatory reason for [her] termination was pretextual and that age played a role in [her] termination." *Loeb*, 537 F.3d at 872 (citing *Wittenburg*, 464 F.3d at 836).

> At this stage, [Woehl] can avoid summary judgment only if the evidence considered in its entirety (1) created a fact issue as to whether [Hy–Vee's] proffered reasons are pretextual and (2) created a reasonable inference that age was a determinative factor in the adverse employment decision.

*Lewis v. St. Cloud State Univ.*, 467 F.3d 1133, 1137 (8th Cir.2006) *quoted in Loeb*, 537 F.3d at 872. Woehl bears "the ultimate burden of persuading the factfinder of intentional age discrimination." *Haas v. Kelly Services, Inc.*, 409 F.3d 1030, 1036 (8th Cir.2005) (citation omitted).

■ **Prima Facie case.** Hy–Vee concedes that Woehl satisfied three of the four elements of the prima facie case, contending only that Woehl failed to establish that she was "otherwise qualified" for the job. Hy–Vee argues that Woehl must show she was "meeting her employer's reasonable expectations" in October of 2006 to satisfy the second element. [Defendant's Summary Judgment Brief, p. 4]. Woehl contends that to satisfy the second element, she need only show she possessed the "basic skills necessary for performance of [the] job." [Plaintiff's Summary Judgment Brief, p. 9 (quoting *Slattery v. Swiss*

*Reinsurance America Corp.*, 248 F.3d 87, 92 (2nd Cir.2001)) ].

In *Riley v. Lance*, the Eighth Circuit Court of Appeals specifically rejected Hy–Vee's articulation of the second element of the *prima facie* case. 518 F.3d 996, 1000 (8th Cir.2008). The court held it was error for the district court to require the plaintiff to show that "he was performing his job at the level that met the employer's legitimate expectations." *Riley*, 518 F.3d at 1000. The court held that to satisfy the second element of the *prima facie* case, the plaintiff need only show that she was "otherwise qualified" for the position she held. 518 F.3d at 1000; *but see Calder v. TCI Cablevision of Missouri, Inc.*, 298 F.3d 723, 729 (8th Cir.2002) ("The standard for assessing performance 'is not that of the ideal employee, but rather what the employer could legitimately expect.'") (citation omitted).

■ "The qualification prong must not ... be interpreted in such a way as to shift onto the plaintiff an obligation to anticipate and disprove, in his *prima facie* case, the employer's proffer of a legitimate, non-discriminatory basis for its decision." *Slattery*, 248 F.3d at 92, *quoted in McGinnis v. Union Pacific R.R.*, 496 F.3d 868, 875 n. 3 (8th Cir.2007). A plaintiff's successful performance of a job for years can satisfy the second element of the *prima facie* case. *See Riley*, 518 F.3d at 1000 (Eighth Circuit found that plaintiff satisfied second element because "he had been performing [his] job successfully for years[.]"); *see also McGinnis*, 496 F.3d at 875–76 n. 3 (Eighth Circuit found that plaintiff satisfied second element because he was employed by the company for 28 years). "The fact that an employee meets some expectations, however, does not mean that [he or] she meets the standard if she does not meet other significant ex-

pectations." *Calder*, 298 F.3d at 729 (citation omitted).

The court finds that Woehl satisfied the second element of the *prima facie* case, that she was "otherwise qualified" for the position of floral manager. At the time of her removal, Woehl had worked as a floral manager or equivalent position at Hy–Vee for 27 years. Butcher testified that it was only within the last nine months of her employment that he became dissatisfied with her work. *See McGinnis*, 496 F.3d at 875 n. 3 (Eighth Circuit found that employee who had worked for company for 28 years, and did not receive citations for the first 23 of those years, satisfied second element of the *prima facie* case); *Riley*, 518 F.3d at 1000. The court acknowledges that certain figures in the record, including Woehl's repeated failure to meet the 50% gross profit mark, may suggest she was not "otherwise qualified" for the job. However, such factors are appropriately considered in determining whether Hy–Vee's asserted reason for removing Woehl from her position of floral manager was pretextual. To consider such factors at this stage would "short-circuit" the *McDonnell Douglas* analysis.[3] Accordingly, the court finds that based on 27 years of successful employment in the position, Woehl was "otherwise qualified" for the job. For that reason, the court finds that Woehl has established a *prima facie* case for age discrimination.

■ *Legitimate, Non–Discriminatory Reason.* Woehl successfully made out a prima facie case; thus, Hy–Vee must proffer a "legitimate, nondiscriminatory reason" for removing Woehl from her position. *Loeb*, 537 F.3d at 872 (citation omitted). Hy–Vee contends that it removed Woehl from the position of floral manager for several reasons relating to her job performance during the nine months leading up to October 2006. Butcher stated that he was dissatisfied with Woehl's job performance because she repeatedly failed to meet the gross profit percentage goals, she consistently maintained too large of an inventory, and she failed to train employees in her department. The court finds that these are legitimate, nondiscriminatory reasons for removing Woehl from the position of floral manager.

■ *Pretext and Reasonable Inference.* As stated above, in order to survive summary judgment the evidence must create a factual issue as to whether Hy–Vee's proffered reasons are pretextual and create a reasonable inference that age was a determinative factor in the adverse employment decision. *Loeb*, 537 F.3d at 872. Hy–Vee argues that the only evidence Woehl offers to demonstrate pretext is the fact that Woehl's replacement, Evans, was substantially younger than Woehl. Hy–Vee argues that this fact alone is insufficient as a matter of law to satisfy the

---

**3.** In *McGinnis*, the Eighth Circuit addressed the standard a plaintiff must meet under the "otherwise qualified" prong of the prima facie case. The court stated:

> Here again the district court incorrectly applied the prima facie case standard by requiring a heightened standard for McGinnis to establish he was qualified for the position. The district court stated, "the court has already determined that the numerous safety violations are sufficient to show that [McGinnis] did not meet the qualifications for his job." As we previously indicated, McGinnis was employed for 28 years before his discharge and did not receive any citation for violating work rules in his first twenty three years of employment. As to the qualification prong, the district court's approach, in a sense, required McGinnis to disprove the reasons given for his discharge rather than requiring him to establish a prima facie case— short-circuiting the analysis under the *McDonnell Douglas* framework.

496 F.3d at 875 n. 3

summary judgment standard. Hy–Vee contends that Woehl failed to present any evidence to create an inference that age was a determinative factor in Hy–Vee's removal of her from the position of floral manager.

Woehl argues that an examination of her employment history with Hy–Vee demonstrates that three proffered reasons for her removal—failure to meet gross profit percentage goals, failure to maintain appropriate amount of inventory, and failure to train employees—are pretextual. Regarding gross profit percentage goals, Woehl argues that Butcher was more concerned with Woehl's sales than gross profit, and that Woehl met sales goals. Regarding inventory, Woehl argues that it was high because she implemented Butcher's direction to purchase flowers from FDI, a Hy–Vee subsidiary. She also contends that Butcher found her explanations of high inventory to be "reasonable," but later used high inventory as a reason to remove her. Regarding training of employees, Woehl argues that Hy–Vee can point to only one employee—Stephenson—who did not receive training. Woehl argues that the failure to train Stephenson was an anomaly, caused by Stephenson's difficult and demanding attitude.

Woehl argues that she was never informed that her job was in jeopardy due to any of these three issues, and that she never received a performance evaluation or disciplinary action in the 27 years of employment at Hy–Vee. Woehl argues that her age is the only explanation for why Hy–Vee removed her because her performance remained consistent and free from significant criticism from her superiors during her 27–year employment. Such circumstantial evidence, Woehl argues, is sufficient to create a fact issue as to whether Hy–Vee's reasons are pretextual and create a reasonable inference that age

was a determinative factor in Hy–Vee's decision.

 The court finds that the evidence fails to demonstrate a factual issue as to whether Hy–Vee's proffered reasons for removing her were pretextual. "The showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee." *Roeben*, 545 F.3d at 643 (quoting *Johnson v. AT & T Corp.*, 422 F.3d 756, 763 (8th Cir.2005)).

> The falsity of a nondiscriminatory basis for the employment action may also support a finding of pretext—"[I]f the proffered reason is shown by conflicting evidence to be untrue, then the nonmoving party is entitled to all favorable inferences that the false reason given masks the real reason of intentional discrimination."

*Loeb*, 537 F.3d at 873 (quoting *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir.2000)). In her resistance to summary judgment, Woehl does not argue that Hy–Vee's proffered reasons are false. Woehl admits that she met the gross profit percentage goal only twice in the last sixteen quarters of her employment, that her inventory was well above the benchmark established by Butcher, and that she failed to train at least one employee in her department. (Woehl's Response to Defendant's Statement of Undisputed Material Facts, pp. 4, 7, and 8). She does not present contrary evidence to contest the truthfulness of such facts. Instead, Woehl attempts to undermine these reasons, by claiming that Butcher was, in practice, more concerned with sales increases than gross profit percentages, that Butcher was partly at fault for the high inventory in the floral department, and that Stephenson was not trained because she was a difficult employee. Woehl points to her high sales

numbers as evidence that Hy–Vee's stated reasons are pretextual. In the final analysis, however, Woehl does not dispute that the problems identified by Hy–Vee as the reasons for her removal existed during her employment. Woehl's mere "discrediting" of Hy–Vee's reasons, while admitting their veracity, fail to create a factual issue as to whether such reasons were pretextual.

Woehl failed to create a reasonable inference that her age was a determinative factor in Hy–Vee's decision to remove her. In order to survive summary judgment, Woehl must do this in addition to showing a factual issue regarding whether Hy–Vee's stated reasons were pretextual. Besides the hiring of a younger employee to replace her, there is simply no evidence that age was a factor in Hy–Vee's decision.[4] Woehl does not contend that Evans was less qualified than her to work as floral manager. The Eighth Circuit has explicitly found that replacement by a younger individual alone is insufficient. *See Carraher,* 503 F.3d at 719; *Thomas v. Corwin,* 483 F.3d 516, 529 (8th Cir.2007). Thus, Hy–Vee's decision to hire a younger individual alone is insufficient to create a reasonable inference that age was a determinative factor.

Woehl asks the court to find that a reasonable inference exists because the only factor that changed over the course of her employment was her age. Her job performance, Woehl contends, remained consistent and free from significant criticism by her superiors. The court declines to adopt this position. The evidence demonstrates that Butcher was dissatisfied with Woehl's job performance in the last nine months of her employment as floral manager. This dissatisfaction was not unfounded, as the figures for gross profit percentage and inventory provide support for Butcher's dissatisfaction with Woehl's job performance. Both Butcher and Woehl testified that Butcher spoke to Woehl about problems with the gross profit percentage and inventory. Furthermore, there is no evidence, besides the hiring of a younger individual, that Hy–Vee's decision was motivated by Woehl's age. The existence of figures that demonstrate Woehl failed to satisfy certain requisites for her position, coupled with the lack of evidence indicating Hy–Vee considered Woehl's age, render the court unable to conclude that a reasonable factfinder could infer that age was a determinative factor in Hy–Vee's decision. For the reasons stated above, the court finds that the evidence failed to create a genuine issue of material fact regarding whether Hy–Vee's proffered reasons are pretextual and failed to create a reasonable inference that age was a determinative factor in Hy–Vee's decision to remove Woehl.

### B. *Analysis Without Burden–Shifting*

In *Gross,* the Supreme Court stated that it had not definitively decided

---

4. In her July 29, 2008, deposition, Woehl provided the following testimony:

Q: Why, Dona, do you think your age played any role whatsoever in the circumstances of your separation from Hy–Vee?

A: I was replaced by a much younger gal, individual. She's 15 years younger than I am.

Q: Okay. Are there any other reasons besides that that you believe that your age played any role in the circumstances of your separation from Hy–Vee?

A: That's—I mean, she replaced me.

\* \* \*

Q; Okay. Let me—let me—Other than the fact that you were eventually replaced by a younger worker, are you aware of any other facts, on which you base your claim that your age played a role in the circumstances of your separation from Hy–Vee?

A; I guess my answer would be no.

Hy–Vee's Appendix in Support of Motion for Summary Judgment, p. 20.

whether the *McDonnell Douglas* burden-shifting analysis used in Title VII cases is applicable to ADEA cases. 129 S.Ct. at 2349 n. 2. The Supreme Court stated:

> We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in the decision.

*Id.* at 2352. The Supreme Court stated that the plaintiff retains the burden of persuasion to establish that age was the "but-for" cause of the employer's adverse action in an ADEA action. *Id.* at 2351. Thus, if *McDonnell Douglas* were not applicable in this matter, the burden would not shift to Hy–Vee at any point in the analysis.

At summary judgment, the question before the court is whether after viewing all the evidence in a light most favorable to the plaintiff, there is a genuine issue of material fact that age was the "but-for" cause of Hy–Vee's adverse employment decision. The court finds that there is no genuine issue of material fact that Woehl's age was the "but-for" cause of Hy–Vee's decision to remove her from the position of floral manager. The only evidence that Woehl presents to suggest that her age was the reason for Hy–Vee's action was the fact that a younger individual replaced her. This solitary piece of evidence, without more, is insufficient to create a genuine issue of material fact as to "the 'reason' the employer decided to act" in light of Woehl's gross profit percentage and inventory figures in the months leading up to the end of her employment. *Id.* at 2350.

For the reasons stated above, the court finds that the defendant is entitled to summary judgment whether or not the *McDonnell Douglas* burden-shifting analysis is applicable.

## V. CONCLUSION

The court recognizes the unique relationship between summary judgments and discrimination cases. "Courts have [long] recognized the difficulty in disposing of issues of discriminatory or retaliatory intent at the summary judgment stage. 'Summary judgments should be sparingly used and then only in those rare instances where there is no dispute of fact and where there exists only one conclusion.'" *Franklin v. Local 2 of the Sheet Metal Workers Intern. Ass'n,* 565 F.3d 508, 521 (8th Cir.2009) (quoting *Davis v. Fleming Companies, Inc.,* 55 F.3d 1369, 1371 (8th Cir.1995)). However, "no separate summary judgment standard exists for discrimination or retaliation cases and [ ] such cases are not immune from summary judgment." *Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1118 (8th Cir.2006) (listing cases). Here, the court concludes that this matter is an instance where summary judgment is appropriate. While Woehl established a *prima facie* case, the evidence simply does not support a finding that Hy–Vee's proffered reasons were pretextual or that a reasonable factfinder could infer that her age was a determinative factor in Hy–Vee's decision to remove her. Woehl fails to create a genuine issue of material fact that age was the "but-for" cause of Hy–Vee's adverse employment action. For these reasons, the court grants summary judgment in favor of Hy–Vee and against Woehl on all claims.

Upon the foregoing,

**IT IS ORDERED** that Hy–Vee's motion for summary judgment is granted. [Dkt. 15] Woehl's claims against Hy–Vee are

dismissed. The Clerk shall enter judgment against Woehl and in favor of Hy–Vee.