# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1260

_____

Richard Roeben,                                            *
                                                           *
       Plaintiff/Appellant,                        *
                                                           *
   v.                                                   *
                                                           *
BG Excelsior Limited Partnership,                          *
doing business as Peabody Little Rock,                     *
                                                           *
       Defendant/Appellee.                         *
                                                           *

_____        Appeal from the United States
                               District Court for the
BG Excelsior Limited Partnership,      *   Eastern District of Arkansas.
                                                           *
       Counter Claimant/                           *
       Appellee,                                   *
                                                           *
   v.                                                   *
                                                           *
Richard Roeben,                                            *
                                                           *
       Counter Defendant/                          *
       Appellant.                                  *

_____

Richard Roeben,                                            *
                                                           *
       Third Party Plaintiff/                       *
       Appellant,                                  *
                                                           *
   v.                                                   *

```
                                        *
Tim Sneed, Kerry Snellgrove,            *
                                        *
        Third Party Defendants/         *
        Appellees.                      *
                        _____
```

Submitted:  September 22, 2008
Filed:  November 6, 2008
_____

Before LOKEN, Chief Judge, WOLLMAN, and SMITH, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Richard Roeben filed suit against his former employer, BG Excelsior Limited Partnership d/b/a The Peabody Little Rock ("Peabody"), for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34.  The district court[1] granted the Peabody's motion for summary judgment, and Roeben appeals.  Because the evidence does not support an inference that the Peabody terminated Roeben as a result of his age, we affirm.

I.

In March 2002, the Peabody Hotel in Little Rock, Arkansas, hired Roeben as its director of purchasing.  Roeben was sixty-seven years old at the time.  The position required Roeben to negotiate with vendors for a variety of hotel supplies—including bed linens, bathroom amenities, food and beverage items, cleaning materials, and other equipment needed for the daily operation of the Peabody.  Roeben also handled

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

incoming shipments and accessed an off-site warehouse where inventory was stored. The parties agree that Roeben performed his job well for several years.

On January 12, 2006, a Peabody secretary received a phone call from a woman who identified herself as Brenda Tutor. Tutor explained that she was affiliated with AKB Property Preservation and stated that the company had removed property from Roeben's residence after he was evicted from his home. According to Tutor, her company had come across items that appeared to be Peabody property.

John Curry, the Peabody's director of security, later contacted the owner of AKB Property Preservation, Norma Wilcox, who told Curry that her company had discovered numerous unopened boxes of commercially packed washcloths and towels; several vacuum packed steaks; assorted toiletries and cleaning chemicals; and a large number of Peabody rubber ducks. Wilcox also informed Curry that the non-perishable property had been moved to a storage facility, and she agreed to give Curry access to the facility so that he could conduct his own inspection.

On January 15, 2006, Curry and another Peabody employee traveled to the storage facility and examined the readily accessible property. Curry drafted a report summarizing the investigation:

> Upon looking over the items we found 6 bottles of hotel logo bathroom amenities and numerous [washcloths] and hand towels that are the same brand and had the same appearance as that being used by the hotel and one vacuum cleaner which is the same brand used by the hotel. We ask [sic] Ms. Wilcox what other items would be easily seen that would have Peabody logos on them, to which she advised that somewhere in one of the storage sheds was a bag of Peabody yellow ducks, a couple of cases of Peabody logo bathroom amenities and numerous bath mats, towels and [washcloths] . . . . Ms. Wilcox went on to state that she threw numerous vacuum packed steaks away and other items with the Peabody

logo on them due to they were perishables and cannot be stored in a storage shed according to law.

Curry presented his report to the general manager, Gregg Herning, and the human resources director, Allan McCaslin. With the support of McCaslin and Roeben's direct supervisor, Terry Ozanich, Herning decided to terminate Roeben's employment.

McCaslin met with Roeben on January 17, 2006, and informed him that he was being terminated for unauthorized possession of hotel property. McCaslin explained the sequence of events that led to the decision. Roeben vehemently denied that he had stolen anything from the hotel. He did admit, however, that he had received samples of some items—such as toiletries and steaks—from vendors without reporting the gifts, as was required under Peabody policy.

On November 13, 2006, Roeben filed an age discrimination lawsuit in Arkansas state court, which the Peabody removed to federal court. The Peabody counterclaimed for conversion, and Roeben amended his complaint to add claims of defamation against several Peabody employees. The district court granted summary judgment to the Peabody on Roeben's age discrimination claim and dismissed the remaining state law claims without prejudice.

II.

A district court's grant of summary judgment is reviewed *de novo*. Zhuang v. Datacard Corp., 414 F.3d 849, 854 (8th Cir. 2005). Summary judgment is proper when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. To survive summary judgment, a plaintiff must substantiate his allegations with enough probative evidence to support a finding in his favor. See Haas v. Kelly Services, Inc., 409 F.3d 1030, 1034 (8th Cir. 2005).

Under the familiar ADEA burden-shifting framework, a plaintiff can establish a prima facie case of age discrimination if he can show that (1) he was at least forty years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time of his termination; and (4) he was replaced by someone substantially younger. See Mayer v. Nextel West Corp., 318 F.3d 803, 806-07 (8th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973)). Once a plaintiff has established a prima facie case, the burden shifts to his employer to provide a legitimate, nondiscriminatory reason for the termination. Id. at 807. If the employer provides a sufficient justification, the burden returns to the plaintiff to prove that the employer's proffered reason was a pretext and that the true motivation was discriminatory animus. Id. at 807-08.

For the purpose of summary judgment, the Peabody concedes that Roeben can establish all of the elements of a prima facie case. The Peabody maintains, however, that Roeben was terminated because the Peabody believed that he had unauthorized possession of hotel property. The undisputed evidence supports the sincerity of that belief, and Roeben has not established any question of material fact regarding the sequence of events that led to his termination.

Roeben presents no evidence to dispute that the hotel received a phone call raising suspicion about his possession of Peabody property. Nor does he dispute that the Peabody conducted an investigation that culminated in the report drafted by John Curry. Instead, Roeben attacks the sufficiency of the investigation, arguing that the Peabody's proffered reason for his termination was a pretext because the Peabody failed to provide conclusive evidence that he stole hotel property. This assertion is insufficient. Even if Roeben could show that the Peabody's investigation was poorly conducted or that its decision was impetuous, that alone would not allow him to survive summary judgment. See Hanebrink v. Brown Shoe Co., 110 F.3d 644, 646 (8th Cir. 1997) ("[W]e emphasize that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully.").

Assuming, *arguendo*, that Roeben could raise doubts about the sincerity of the Peabody's belief regarding his unauthorized possession of hotel property, his claim would still fail because of the paucity of evidence supporting an inference of age discrimination. "[T]he showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee." Johnson v. AT&T Corp., 422 F.3d 756, 763 (8th Cir. 2005). A plaintiff must also demonstrate "that the circumstances permit a reasonable inference" of discriminatory animus. Id. Roeben bases his claim of age discrimination on two arguments. First, he asserts that Ozanich, his supervisor, told him on two occasions that he was too old to lift boxes. Second, he contends that the Peabody had a pattern of discriminating against older employees.

The comments by Ozanich are simply insufficient to establish a fair inference of age-related animus. Moreover, as Roeben acknowledges, the ultimate decision maker was the hotel general manager, not Ozanich.[2] Roeben's contention that the Peabody had a pattern of age discrimination is similarly lacking in support. The record reveals that the Peabody fired two younger employees at roughly the same time for similar offenses: a twenty-three-year-old valet was terminated for validating his own parking, and a twenty-year-old associate in housekeeping was discharged for taking two beers from the hotel bar. Faced with this unfavorable evidence, Roeben asks us to compare misconduct that is significantly different in kind and degree. Roeben claims, for example, that the Peabody discriminated against him because it failed to terminate employees who slept on the job, left their work area, or watched television on company time.[3] But these infractions did not involve serious breaches

---

[2]Roeben's argument is further belied by the fact that Ozanich participated in the decision to hire Roeben in 2002, when Roeben was sixty-seven years old.

[3]The record reflects that a number of younger employees were also terminated for such relatively minor offenses (absenteeism, tardiness, straying from the work area, etc.) during Roeben's tenure at the Peabody.

of trust; and as the Peabody notes, the nature of Roeben's responsibilities required a special emphasis on probity and discretion. The comparisons are therefore unavailing, and the district court thus properly granted summary judgment to the Peabody.

## III.

After the district court granted summary judgment, it dismissed Roeben's remaining state law claims without prejudice. Roeben argues that the district court should have remanded his claims to state court. A district court has discretion to remand or dismiss a plaintiff's state law claims when the federal character of a case has been eliminated. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988); Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). The district court did not abuse its discretion when it dismissed without prejudice Roeben's remaining claims.

## IV.

The judgment is affirmed.

_____