# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2266

_____

Darold Maxfield,

            Appellant,

v.

Cintas Corporation, No. 2,

            Appellee.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.

_____

Submitted: January 15, 2009
Filed: April 22, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

Darold Maxfield appeals the district court's[1] denial of his motion for a new trial after a jury found Cintas Corporation did not violate the Uniform Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301-4333, by taking adverse employment actions against Maxfield because of his military service. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

# I

This case is before us for the third time. Initially, Maxfield sued Cintas alleging both race discrimination claims and violations of USERRA arising out of Maxfield's employment with Cintas. The district court granted summary judgment in favor of Cintas on all claims; we affirmed the dismissal of the race discrimination claims but reversed and remanded on the military service claims. Maxfield v. Cintas Corp., 427 F.3d 544, 552-53 (8th Cir. 2005) (Maxfield I). Cintas filed a second motion for summary judgment on the military service claims, which the district court granted; this court reversed on the grounds that the first appeal established the law of the case. Maxfield v. Cintas Corp., 487 F.3d 1132, 1135 (8th Cir. 2007) (Maxfield II). The case returned to the district court, and Maxfield received a jury trial on his military service claims.

The evidence at trial established in relevant part that Cintas operates a facility near Little Rock, Arkansas, which provides uniforms and other services to businesses in Arkansas. Cintas hired Maxfield in July 1999 as a Service Sales Representative making $550 per week, plus a quarterly bonus. In February 2000, Maxfield applied for and accepted a better position with Cintas as a Production Supervisor – a salaried position in which he made $33,800 per year with no bonus or commissions. In May 2000, he switched jobs again, applying for and accepting a position as a Facility Outside Sales Representative. This job had a base pay of $650 per week and an opportunity to earn monthly commissions and quarterly bonuses. Maxfield held this job between May 2000 and August 2001, initially earning commissions and bonuses well above his base pay, but eventually performing poorly to the point that his weekly draws exceeded his earned commissions. For example, in December 2000, Maxfield earned commissions and bonuses of $7,437.91, his best month. In May through August 2001, however, he had four successive months of negative commissions, $857.45, $1914.46, 1339.79, and $1360.70, respectively.

-2-

During the entire time Maxfield was employed at Cintas, he was an active member of the United States Army Reserves. He frequently requested military leaves of absence from his employment. On each occasion, Cintas granted Maxfield the requested leave.

Maxfield's USERRA claims arise out of two employment decisions Cintas took against him. The first occurred on September 28, 2001, when Maxfield returned from a forty-five day military leave of absence. Upon his return, Cintas removed him from his job as a Facility Outside Sales Representative and placed him in the position of Proactive Service Trainer, where he had the same base pay of $650 per week and an opportunity to earn a quarterly bonus, but no opportunity to earn a commission. During the first four months in this new position, Maxfield earned $2400 more than he had earned during his last four months as a Facility Outside Sales Representative. Cintas's stated reason for the change in positions was Maxfield had four successive months of negative commissions between May and August 2001. Maxfield alleged the change in position was related to his military leave of absence.

The second employment decision was the decision to fire Maxfield. On August 19, 2002, Maxfield contacted his supervisor, Randy Lewis, and requested three days of military leave on August 19, 20, and 23. Lewis granted the request and marked Maxfield's attendance calendar showing military leave on those three dates. On August 21, when Maxfield reported to work, he contacted the payroll clerk, Tracy Anderson, and told her he was taking paid days of leave on August 19, 20, and 23 (sick/emergency leave for August 19 & 20, and a day of vacation on August 23). The appropriate procedure for Maxfield to obtain paid days of leave while also on military leave was to speak directly with his supervisor, Lewis, so that the sick and vacation pay could be properly counted against his annual entitlement to paid days off. At trial, Lewis testified Maxfield's attempt to obtain sick and vacation pay in this manner was the reason he was fired: "Had Darold not been in the military and had he done the same thing, I would have made the same decision. I would have made the same

-3-

decision with anybody that went to a payroll clerk behind my back and told them to put down they were out sick when they weren't out sick."  Trial Transcript at 265.

The verdict form submitted to the jury addressed both of these adverse employment decisions.  With respect to the decision to transfer Maxfield from the position of Facility Outside Sales Representative to Proactive Service Trainer, the jury determined Maxfield's military service was a motivating factor in Cintas's decision, but that Cintas proved it would have transferred Maxfield regardless of his military service.  With respect to the decision to discharge Maxfield, the jury determined Maxfield's military service was not a motivating factor in the decision.

Maxfield filed a motion for a new trial, which the district court denied.  Maxfield filed a timely appeal to this court.

II

We review the denial of a motion for a new trial for a "clear" abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice.  Harrison v. Purdy Bros. Trucking Co., 312 F.3d 346, 351 (8th Cir. 2002).  A new trial should be granted only if the evidence weighs heavily against the verdict.  United States v. Rodriguez, 812 F.2d 414, 417 (8th Cir. 1987).

"An employer violates USERRA when a person's membership in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership or obligation for service."  Maxfield I, 427 F.3d at 551 (internal quotations and citations omitted).  The employee must initially show his military status was a motivating or substantial factor in an adverse employment decision, but an employer can defeat the claim by proving "by a preponderance of evidence, that the action would have been taken despite the protected status."  Id.

-4-

Although Maxfield's USERRA claims survived summary judgment, twice being reviewed by this court, a jury ultimately heard the evidence and found in favor of Cintas. With respect to the adverse employment action which occurred when Cintas transferred Maxfield from the position of Facility Outside Sales Representative to the position of Proactive Service Trainer, a reasonable jury could conclude Cintas would have taken the same action against Maxfield – regardless of his military service – based upon the four successive months of negative commissions between May and August 2001. With respect to his termination in August 2002, a reasonable jury could conclude Cintas terminated Maxfield because he contravened Cintas's policy by circumventing his supervisor and trying to obtain paid leave for three days in an improper manner. Maxfield has failed to establish why a new trial is necessary to prevent a miscarriage of justice or why the evidence weighs heavily against the verdict. Thus, the district court did not abuse its discretion in denying the motion for a new trial.

III

We affirm the judgment of the district court.

_____