# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

Nos. 09-3479/10-1647

———————

James A. Haigh,

        Plaintiff - Appellant,

v.

Gelita USA, Inc.,

        Defendant - Appellee.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Northern
District of Iowa.

———————

Submitted: November 4, 2010
Filed: January 28, 2011

———————

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

———————

BYE, Circuit Judge.

James Haigh alleged claims against his former employer, Gelita USA, Inc. ("Gelita"), on the basis of age and disability discrimination and retaliation. The district court[1] granted summary judgment in favor of Gelita on Haigh's claims under the Age Discrimination in Employment Act (ADEA) and his retaliation claim. The remaining claims under the Americans with Disabilities Act (ADA) proceeded to trial, and the jury ruled in favor of Gelita. Subsequently, the court denied Haigh's motion

———————

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

for a new trial.  Haigh appeals the summary judgment order as it pertains to his age discrimination claim[2] and the order denying his motion for a new trial.  We affirm.

I

James Haigh was born on May 18, 1937, and was 60 years old when he was hired by Gelita as a senior process engineer and project manager in May 1998.  Prior to his employment, Haigh was involved in a motor vehicle collision in which he broke cervical vertebrae and suffered tissue and nerve damage.  As a result of the incident, Haigh suffered chronic pain and developed degenerative processes which led to the development of bone spurs in his cervical and lumbar regions.  His physician noted these injuries could be exacerbated by overwork, stress, and job pressures, and he was directed to receive reasonable accommodation for his walking disability, his limited ability to sit in one position for long periods of time, and his limited ability to do repetitive motion.  Haigh was placed on a regimen of medications to assist with his pain management.  He also asserts he required the use of an assistant to help him with visual inspections of difficult-to-reach places at Gelita.

During his employment at Gelita, Haigh was required to undergo annual performance evaluations, which were rated on a 10-point system.  The system was structured as follows: excellent (8-10 points); very good (6-8 points); good (4-6 points); improvement needed (2-4 points); and unsatisfactory (0-2 points).  Haigh received a cumulative rating of 4.8 for 1998; 5.4 for 1999, 5.0 for 2000, and 5.2 for 2001, all while working under the supervision of Larry Russell.  While these scores placed Haigh as a "good" employee, Gelita asserts he was the lowest-rated project engineer under Russell, which led to meetings between the two regarding Haigh's interpersonal and communication problems.

---

[2]Haigh does not appeal his Title VII retaliation claims under 42 U.S.C. § 2000e-3.

In 2002, Haigh became an environmental engineer and reported to Richard Schaefer. He was rated at 5.3 for 2002, again placing him in the "good" category. On July 7, 2002, Haigh began reporting to a new supervisor, Mark Skibinski, who was the environmental health and safety manager. Haigh was responsible for general engineering functions and special projects, including the resurfacing and building of a retention pond, and he made decisions involving purchasing, hiring vendors, managing the project, and dealing with consulting engineers.

Skibinski became unsatisfied with Haigh's work, and he met with Haigh to discuss areas of deficiency, including Haigh's failure to meet assigned deadlines, failure to improve communications within and outside of the company, inappropriate delegation of environmental responsibilities, providing vague and/or misleading information on issues, and mismanagement of the wastewater treatment facility. Meanwhile, Haigh was dissatisfied when his operating assistant, Kelly Markham, was removed and his ability to perform the job was impacted. Haigh contends Skibinski refused his accommodation for another assistant to help inspect the plant.

In October 2003, Haigh met with Jeff Tolsma, Director of Human Resources, to discuss these issues. Haigh informed Tolsma of his problems with Skibinski, including Haigh's inability to meet Skibinski's job expectations because he claimed he did not understand Skibinski's expectations. Within one week, on October 31, 2003, Haigh was terminated from his position, at the age of 66.

Haigh subsequently filed suit, alleging claims of disability discrimination under the ADA, age discrimination under the ADEA, and retaliation. The district court granted Gelita's motion for summary judgment on Haigh's claims under the ADEA and his retaliation claims. The remaining claims under the ADA proceeded to trial, and the jury returned a verdict in favor of Gelita. Later, Haigh filed a motion for a new trial, which was denied by the district court. Haigh now appeals.

A.   Whether the District Court Erred in Granting Gelita's Motion for Summary Judgment on Haigh's ADEA Claims

Haigh first argues the district court should have allowed his age discrimination claim to be submitted to the jury along with his disability discrimination claim because there was sufficient evidence for a reasonable jury to conclude he was terminated due to his age.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "We review a district court's grant of summary judgment de novo, drawing all reasonable inferences, without resort to speculation, in favor of the nonmoving party." Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 518 (8th Cir. 2010) (quoting Johnson v. Ready Mixed Concrete Co., 424 F.3d 806, 810 (8th Cir. 2005)). An issue of material fact exists "if a reasonable jury could return a verdict for the party opposing the motion." Id. (internal quotation marks and citation omitted).

The ADEA protects individuals aged 40 and over by prohibiting employers from discharging or otherwise discriminating against such individuals with respect to their compensation, terms, conditions, or privileges of employment on the basis of their age. 29 U.S.C. § 623(a). In order to prove his claim, Haigh must show, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. See Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2352 (2009) ("The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision."); Clark v. Matthews Int'l Corp., _ F.3d _, 2010 WL 5258481, at *5 (8th Cir. 2010) ("[The plaintiff] is required to prove that his age was the 'but-for' cause of [the employer's]

challenged decisions regardless of whether he uses direct or circumstantial evidence to prove his age-discrimination claims.") (citing <u>Gross</u>, 129 S. Ct. at 2351).

Because Haigh has no direct evidence of discrimination, his claims are analyzed under the familiar burden-shifting scheme of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-03 (1973). <u>See</u> <u>Clark</u>, 2010 WL 5258481, at *5 ("The Supreme Court in <u>Gross</u> declined to answer whether use of this evidentiary framework is appropriate in the context of ADEA claims . . . [but] [o]ther circuits . . . have continued to apply it."). First, Haigh is tasked with establishing a prima facie case of age discrimination by showing (1) he was at least 40 years old; (2) he was terminated; (3) he was meeting his employer's reasonable expectations at the time he was terminated; and (4) he was replaced by an individual who was substantially younger. <u>Roeben v. BG Excelsior Ltd. P'ship</u>, 545 F.3d 639, 642 (8th Cir. 2008). If Haigh establishes a prima facie case, the burden shifts to Gelita to provide a legitimate, nondiscriminatory reason for the termination. <u>Id.</u> Finally, if Gelita provides such a reason, the burden returns to Haigh to prove Gelita's reason was mere pretext for discrimination. <u>Id.</u> at 642-43.

The district court concluded Haigh failed to present sufficient evidence to create a genuine issue of material fact as to his prima facie case under the ADEA. Even assuming Haigh could meet his prima facie case, the court determined he could not show Gelita's proffered reasons for termination were pretext for age discrimination. Instead, the court concluded nothing in the record showed disparate treatment or even a reference to Haigh's age. To the contrary, the court noted Gelita hired Haigh when he was 60 years old, which, although not fatal to Haigh's claim alone, went against his case because there was no evidence that Gelita developed a discriminatory attitude toward Haigh's age after he was hired when he was well above the protected age under the ADEA.

The only element at issue in the prima facie case on appeal is whether Haigh was meeting Gelita's reasonable expectations at the time of his termination. Haigh

argues he was qualified for the position, which is all he needs to show in order to satisfy the element. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 92 (2d Cir. 2001) ("[T]he qualification necessary to shift the burden to defendant for an explanation of the adverse job action is minimal; plaintiff must show only that he possesses the basis skills necessary for performance of [the] job.") (internal quotation marks and citation omitted). To establish he was qualified, Haigh asserts he was employed by Gelita as an engineer for five years, and thus his qualifications may be inferred based on his experience. Haigh challenges Gelita's assertion that he was the lowest-rated engineer under Russell, because he was rated as "good" and Russell was not his supervisor at the time he was terminated.

Gelita contends Haigh failed to demonstrate he was meeting its reasonable expectations at the time of his termination because he had serious performance and interpersonal issues throughout his tenure. While working for each of his supervisors, Gelita argues, Haigh received subpar ratings in the areas of judgment, interpersonal skills, and communication skills. Moreover, while working for Skibinski, the supervisor at the time of his termination, Gelita asserts Haigh failed to respond to regular notices of violations from the city concerning Gelita's wastewater permit and management duties. Gelita contends Skibinski addressed five deficient areas in a memo to Haigh whereby Haigh was informed his performance was unacceptable and needed to improve. After Haigh responded that it was impossible to meet these expectations and he could not continue working for Skibinski, Gelita claims Tolsma then informed Haigh that the two parties should part ways, to which Haigh agreed. Under these circumstances, Gelita argues, even assuming Haigh possessed the minimal qualifications for the position, the fact he was made aware of his performance deficiencies established that he was not meeting Gelita's legitimate expectations and thus he cannot establish his prima facie case.

In analyzing this question, we note there appears to be somewhat conflicting case law in the circuit. Gelita relies on Erenberg v. Methodist Hospital, 357 F.3d 787,

793 (8th Cir. 2004), in which this court held a plaintiff could not meet her prima facie case of age discrimination where she failed to meet the qualification prong based on deficiencies in her work performance. In Erenberg, it was undisputed that the employer identified deficiencies in the plaintiff's work performance and communicated the deficiencies to the plaintiff on a regular basis. Id. Accordingly, the court concluded the plaintiff was "aware that she was not performing her duties in a way that met [the employer's] legitimate expectations," and thus the district court correctly granted summary judgment in favor of the employer. Id.

Later, in McGinnis v. Union Pacific Railroad, we held the district court misapplied the second element of the prima facie case for age discrimination when it stated, "the evidence shows [the plaintiff] received a number of rule violations which would cause him to not be qualified for his job." 496 F.3d 868, 874 n.2 (8th Cir. 2007) (internal quotation marks omitted). McGinnis concluded that "[u]nder the qualification prong, 'a plaintiff must show only that he possesses the basic skills necessary for performance of the job,' not that he was doing it satisfactorily." Id. (quoting Slattery, 248 F.3d at 92). As a result, we held the district court incorrectly applied a higher standard for the prima facie case, because "'where discharge is at issue and the employer has already hired the employee, the inference of minimal qualification is not difficult to draw.'" Id. (quoting Slattery, 248 F.3d at 92) (alteration in original omitted). The district court's approach misapplied the qualification prong, McGinnis reasoned, because it required the plaintiff to disprove the reasons given for the discharge during his prima facie case, short-circuiting the analysis under McDonnell Douglas. Id. at 875 n.3.

We are of the view that the reasoning in McGinnis is more sound under the burden-shifting framework because the plaintiff should not be tasked with anticipating and disproving his employer's reasons for termination during his prima facie case. However, to the extent Erenberg and McGinnis conflict, we need not resolve such a conflict in this case. Compare T.L. ex rel. Ingram v. United States, 443 F.3d 956, 960

(8th Cir. 2006) ("When we are confronted with conflicting circuit precedent, the better practice normally is to follow the earliest opinion, as it should have controlled the subsequent panels that created the conflict."), with Graham v. Contract Transp., Inc., 220 F.3d 910, 914 (8th Cir. 2000) ("When faced with conflicting precedents we are free to choose which line of cases to follow."). Even if we assume Haigh established a prima facie case of age discrimination, Gelita articulated a legitimate, nondiscriminatory reason for his termination based on Haigh's failure to meet Gelita's reasonable expectations by refusing to work for Skibinski, and Haigh failed to demonstrate the reason was mere pretext.

The record shows Gelita was concerned for some time about Haigh's interpersonal and communication problems, as reflected in his performance evaluations under multiple supervisors. These concerns led to meetings and expectations being set in an attempt to address the problems. However, rather than comply with Gelita's goals, Haigh articulated his desire not to work under Skibinski and his inability to meet Gelita's expectations. Faced with Haigh's adamant refusal to work for Skibinski, Gelita terminated Haigh.

Rather than refusing to work for Skibinski, Haigh contends he refused to be held accountable to Skibinski when Skibinski was setting him up to fail. However, Haigh's justifications for his failure to meet Gelita's expectations are not evidence that creates a genuine issue of fact as to whether Gelita's reasons were mere pretext. Cf. Riley v. Lance, Inc., 518 F.3d 996, 1002 (8th Cir. 2008) ("[The plaintiff's] attempt to justify his failure [to meet the employer's requirements] does not create a genuine issue as to the legitimacy of the requirement."). "[T]he showing of pretext necessary to survive summary judgment requires more than merely discrediting an employer's asserted reasoning for terminating an employee. A plaintiff must also demonstrate that the circumstances permit a reasonable inference of discriminatory animus." Roeben, 545 F.3d at 643 (internal quotation marks and citation omitted). Nothing in the record permits such an inference here; to the contrary, there is evidence against

any age discrimination in this case. Gelita hired Haigh when he was 60 years old, well above the 40-year-old limit set in the ADEA. "We have noted it is unlikely a supervisor would hire an older employee and then discriminate on the basis of age, and such evidence creates a presumption against discrimination." Fitzgerald v. Action, Inc., 521 F.3d 867, 877 (8th Cir. 2008) (citing Peterson v. Scott County, 406 F.3d 515, 522 (8th Cir. 2005)). Accordingly, there was a presumption against any age discrimination in this case, which Haigh failed to rebut with any evidence permitting a reasonable inference of discriminatory animus.

Finally, we note this case is illustrative of the general principle that we "may not second-guess an employer's personnel decisions, and we emphasize that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully." Hanebrink v. Brown Shoe Co., 110 F.3d 644, 646 (8th Cir. 1997). "[The ADEA and Title VII] serve the narrow purpose of prohibiting discrimination based on certain, discreet classifications such as age, gender, or race. These statutes do not prohibit employment decisions based upon poor job performance, erroneous evaluations, personal conflicts between employees, or even unsound business practices." Hill v. St. Louis Univ., 123 F.3d 1114, 1120 (8th Cir. 1997). While there certainly appears to be a personal conflict between Haigh and Skibinski that led, in part, to Haigh's termination, there is no suggestion of age discrimination to allow Haigh to survive summary judgment. Thus, we affirm the district court's grant of summary judgment in favor of Gelita on Haigh's age discrimination claim.

B.    Whether the District Court Erred in Denying Haigh's Motion for a New Trial

"Under Rule 59, the decision to grant a new trial lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent a clear abuse of that discretion." Howard v. Mo. Bone & Joint Ctr., Inc., 615 F.3d 991, 995 (8th Cir. 2010). The key question in determining whether a new trial is warranted

is whether it is necessary to prevent a miscarriage of justice. <u>Maxfield v. Cintas Corp., No. 2</u>, 563 F.3d 691, 694 (8th Cir. 2009).

Haigh asserts the court erred in denying his motion for new trial because his health affected his participation at trial. Due to the pain medication he was taking and his physical exhaustion, Haigh asserts he was not at full mental capacity, at least for the last day of trial, and therefore he was unable to be of assistance to his attorney. In addition, Haigh informed the court of additional documentation he continued to find that was relevant to the court's consideration of the case, and he requested an opportunity to present that information "once it was all found."

The district court concluded both parties had ample opportunity to present their evidence at trial and their arguments to the jury, and no miscarriage of justice occurred. The court noted it observed Haigh fully engaged in trial on multiple occasions, including taking notes and conferring in private with his attorney. Moreover, Haigh never suggested during trial that he could not continue on account of his physical or mental limitations.

As for Haigh's documentation allegation, the court stressed that Haigh failed to present even one of the alleged documents to the court, and thus it could not determine whether the evidence had any value or if it would produce a different verdict. In addition, the court stated there was no reason Haigh could not have discovered the documents prior to trial because he alleged he found the documents after a fire at his house that occurred a year prior to trial.

We agree with the district court on each ground raised by Haigh. First, Haigh does not dispute that he was physically present for the entirety of the three-day trial. The court stated it observed Haigh participating on multiple occasions during trial, including note-taking and conferring with counsel, thus undermining his allegation that he was not mentally present or able to participate. Given the district court's

superior position to observe these matters during the course of trial, we cannot say the court abused its discretion by denying the motion for new trial on these grounds.

Haigh's second ground also fails. "Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor." U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003). In order to succeed, Haigh must show (1) the evidence was discovered after trial; (2) he exercised due diligence in discovering it; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. Id. Here, even assuming Haigh discovered the evidence after trial and exercised due diligence, he failed to present any of the alleged newly discovered evidence to the district court, and thus the court could not make a determination on whether the evidence was material and not merely cumulative, or whether it was probable that a new trial would produce a different result. Therefore, we affirm the district court's denial of Haigh's new trial motion.

## III

For the foregoing reasons, we affirm the district court's grant of summary judgment on Haigh's age discrimination claims and its denial of the new trial motion.

_____