**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 8, 2011[*]
Decided March 9, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2860

| | |
|---|---|
| WILLIAM N. HACKETT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 C 4878 |
| CONTINENTAL AIR TRANSPORT COMPANY, INC., | Suzanne B. Conlon, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

William Hackett worked for Continental Air Transport Company as an airport shuttle driver for ten years until he was fired at the age of 68. Hackett believed that the company fired him because of his age and filed this suit under the Age Discrimination in

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Employment Act. *See* 29 U.S.C. §§ 621-634. The company moved for summary judgment and the district court ruled in its favor. Hackett appeals; we affirm.

At the outset we note that our recitation of the facts tracks the narrative set forth in the district court's order. The court mostly adopted the company's factual presentation at summary judgment because Hackett failed to cite to the record in responding to the company's statement of facts in violation of Rule 56.1 of the Local Rules for the Northern District of Illinois. *See* Local Rule 56.1(b)(3); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359-60 (7th Cir. 2009).

Hackett was an airport shuttle driver for his entire tenure with the company, transporting passengers between Chicago-area airports and various hotels. Shuttle passengers were required to pay at the time of transport, and Hackett's duties included collecting, tracking, and reporting passenger fees. Passengers could pay with cash, credit cards, vouchers, or prepaid tickets. Drivers were required to keep a daily passenger manifest and to report any discrepancies.

Because airport shuttle drivers conduct financial transactions with customers on a daily basis, the company had a practice of hiring "spotters" to pose as passengers to test the honesty of its drivers in handling prepaid tickets and cash. On November 28, 2007, a spotter rode in Hackett's van, paying for her single-fare ride with a prepaid ticket good for three passenger fares. As the company instructed, she told the driver that the other two intended passengers had arranged alternate transportation. After her arrival at the airport, she called the company dispatcher, provided the van number, described the driver, and confirmed that she had provided a three-person ticket for her single fare. The van number corresponded to the van assigned to Hackett that day and the spotter's description of the van's driver matched Hackett.

When the dispatcher and the company treasurer reviewed Hackett's manifest and receipts for November 28, they did not account for or contain the prepaid, three-fare ticket. Rather, the manifest listed the spotter as a single, cash-paying passenger and mentioned no disparity between the fares collected and Hackett's daily total. The ticket (with a serial number corresponding to the ticket given to the spotter), however, was included among Hackett's receipts for the next day, November 29. The company concluded that Hackett had substituted one cash fare for the spotter's three-fare ticket, kept the three-fare ticket, and substituted the ticket for three cash fares the next day, pocketing the difference. The company suspended Hackett from duty and consulted union representatives. On December 4, Hackett's supervisor, the company's controller, and two union representatives met with Hackett, but Hackett could not explain the discrepancy and abruptly left the meeting. At that point, the company fired Hackett for theft. Company records show that three other

employees—aged 35, 49, and 66 respectively—were fired during this same time period for similar incidents of theft.

Hackett sought to establish age discrimination under both the direct and indirect methods of proof, *see Martino v. MCI Commc'ns Servs., Inc.*, 574 F.3d 447, 452 (7th Cir. 2009). In support of his claim, Hackett cited an undated statement by the company's safety director that its insurance company would not insure drivers over 70. But the company rebutted this assertion with affidavits (including an affidavit from the safety director) establishing that the company had changed its insurance policy to remove the age-based exclusion and that it employed at least one shuttle driver who was over 70. Hackett offered no contradictory evidence, and the district court thus concluded that Hackett could not show that he was terminated because of his age or call into question the company's belief that he was fired for committing theft.

Proceeding pro se on appeal, Hackett appears to press two arguments. First he argues that he presented evidence at summary judgment sufficient to establish a prima facie case of age discrimination and that the company's proffered reason for firing him was pretextual.

But even were we to assume that Hackett established a prima facie case of age discrimination, he could not prevail because he failed to rebut the company's legitimate proffered reason for his firing: theft. *See Naik v. Boehringer Ingelheim Pharms., Inc.*, 627 F.3d 596, 600-01 (7th Cir. 2010). The company offered sufficient evidence—affidavits and deposition testimony—to support the claim that it believed him to have stolen the funds. Once the company articulated a credible reason, Hackett had to demonstrate that it was a pretext or lie, *see id.* at 600; *Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 642-43 (8th Cir. 2008); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002), and this he failed to do. The evidence offered at summary judgment showed that the company fired three younger, similarly situated drivers during the same time frame for failing similar theft tests and that it fired all drivers whom it conclusively believed to have stolen from the company. Hackett cited the company's failure to produce the three-person ticket and his shift envelope from November 28 and characterized as hearsay the affidavits and deposition testimony offered to show that he committed theft. The company, though, offered the testimony to prove not that Hackett stole the money, but that company management believed he did. Hackett presented no evidence to challenge the company's assertion that it honestly believed that he stole the funds, and so he cannot show that his firing for theft was pretext.

Hackett also appears to argue that he did not obtain all the discovery he wanted in the district court and that he was consequently disadvantaged at summary judgment. He

argues that the company failed to provide him with certain items, including duty rosters, the three-person ticket, and the contents of his shift envelopes from November 28 and 29. But if Hackett concluded during the pendency of the summary judgment motion that he needed further discovery, he should have filed a motion under Federal Rule of Civil Procedure 56(f). *See Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *see also Skrzypczak v. Roman Catholic Diocese Of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010); *Vill. of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 384 (6th Cir. 2008); *United States v. Bloom*, 112 F.3d 200, 205 n.17 (5th Cir. 1997).

AFFIRMED.