# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 11-2579

————————

Fannie Moten,                          *
                                       *
            Appellant,                 *
                                       *    Appeal from the United States
      v.                               *    District Court for the
                                       *    Eastern District of Arkansas.
Warren Unilube, Inc.,                  *
                                       *    [UNPUBLISHED]
            Appellee.                  *

————————

Submitted: January 26, 2012
Filed: January 31, 2012

————————

Before MURPHY, BOWMAN, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

Fannie Moten appeals the district court's[1] adverse grant of summary judgment in her action asserting that her former employer discriminated against her based on her age and gender, and unlawfully retaliated against her for complaining about a single incident with a co-worker, which involved offensive language. Upon careful de novo review, see Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011), we affirm.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Regarding Moten's discrimination claims, we conclude that she failed to create a trialworthy issue as to whether the proffered legitimate, non-discriminatory explanation for her termination--a reduction in force following a loss of revenue--was a pretext for unlawful sex or age discrimination. See Haigh v. Gelita USA, Inc., 632 F.3d 464, 468, 470 (8th Cir. 2011) (if employer provides legitimate, non-discriminatory reason for termination, burden returns to plaintiff to prove that reason was pretext for age discrimination; showing of pretext necessary to survive summary judgment requires more than merely discrediting employer's asserted reasoning for terminating employee; plaintiff must also demonstrate that circumstances permit reasonable inference of discriminatory animus); Elam v. Regions Fin. Corp., 601 F.3d 873, 880-81 (8th Cir. 2010) (court does not sit as super-personnel department reviewing wisdom or fairness of business judgments of employers, except to extent those judgments involve intentional discrimination); EEOC v. Trans States Airlines, Inc., 462 F.3d 987, 995 (8th Cir. 2006) (change in proffered explanation must be substantial to give rise to inference of pretext); Evers v. Alliant Techsystems, Inc., 241 F.3d 948, 955 & n.9 (8th Cir. 2001) (decline in revenue is legitimate business justification for reduction in workforce); see also McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 860 (8th Cir. 2009) (claims under Title VII and Arkansas Civil Rights Act (ACRA) are governed by same standards).

We also conclude that summary judgment was properly granted on Moten's retaliation claim. See Brannum v. Mo. Dep't of Corr., 518 F.3d 542, 547-49 (8th Cir. 2008) (to show she engaged in protected activity for purposes of retaliation claim, plaintiff was required to prove she had good faith, reasonable belief that underlying challenged conduct violated Title VII; unless extremely serious, isolated incidents will not amount to discriminatory changes in terms and conditions of employment; single, relatively tame comment was insufficient as matter of law to support objectively reasonable belief it amounted to unlawful sexual harassment); see also McCullough, 559 F.3d at 864 (noting ACRA contains nearly identical prohibition

against retaliation as Title VII; analyzing ACRA and Title VII using same approach); Stewart v. Indep. Sch. Dist. No. 196, 481 F.3d 1034, 1042-43 (8th Cir. 2007) (where there is no direct evidence of retaliatory motive, retaliation claims under Title VII and ADEA are analyzed under same framework).

Accordingly, we affirm the judgment of the district court.

_____