# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2952

_____

Joleen Armstrong

*Plaintiff - Appellant*

v.

Mankato Area Public Schools, Independent School District No. 77

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 7, 2014
Filed: May 27, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joleen Armstrong appeals from the District Court's[1] adverse grant of summary judgment in her action brought under the Age Discrimination in Employment Act and

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the Minnesota Human Rights Act.  Upon our careful <u>de novo</u> review, we agree with the District Court that Armstrong failed to demonstrate that a genuine issue of material fact existed as to whether her former employer's legitimate and nondiscriminatory reason for non-renewing her probationary contract was pretext for age discrimination.  <u>See</u> <u>Tusing v. Des Moines Indep. Cmty. Sch. Dist.</u>, 639 F.3d 507, 514, 516 (8th Cir. 2011) (stating standard of review and noting that to prove pretext, a plaintiff must show that employer's stated reason was false and that age was the real reason for the adverse employment action); <u>Roeben v. BG Excelsior Ltd. P'ship</u>, 545 F.3d 639, 643 (8th Cir. 2008) (holding that a showing of pretext requires more than merely discrediting the asserted reason for terminating an employee; circumstances must permit a reasonable inference of discriminatory animus); <u>Fitzgerald v. Action, Inc.</u>, 521 F.3d 867, 877 (8th Cir. 2008) (noting unlikelihood that a supervisor would hire an older employee and then discriminate based on age); <u>Putman v. Unity Health Sys.</u>, 348 F.3d 732, 733–34 (8th Cir. 2003) (noting that to establish pretext, a plaintiff must substantiate allegations with probative evidence; speculation and conjecture are insufficient).  Accordingly, we affirm the judgment of the District Court.  <u>See</u> 8th Cir. R. 47B.

_____