# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4110

_____

Thomas J. Ingrassia

*Plaintiff - Appellant*

v.

Keith Schafer; Felix Vincenz; Julie Inman; Alan Blake; Jay Englehart; Davinder Hayreh

*Defendant*s

Unknown Kim, Psychiatrist/Physician, SORTS, in her individual capacity

*Defendant - Appellee*

Perry Bramhall; Keith Wilkey; Bob Wills; Gabriel Crawford; Joe Easter;
Marybeth Rowe; Tamra Archambo; Susan Kraemer

*Defendant*s

Ron Moore, RN, SORTS, in his official and individual capacity

*Defendant - Appellee*

Penny Portel

*Defendant*

Kaylynn Reed, RN, SORTS, in her official and individual capacity

*Defendant - Appellee*

Ron Scharer

*Defendant*

David L. Easter, Sr., Security Officer, SORTS, in his official and individual capacity; Eric Miller, Security Officer, SORTS, in his official and individual capacity

*Defendants - Appellees*

Evan Miller

*Defendant*

Kristina Bender, Unit Program Supervisor, Hoctor 3 Ward, SORTS, in her official and individual capacity; Mike Basler, Security Aide, SORTS, in his official and individual capacity

*Defendants - Appellees*

Gary Bennett; Mark Brown; Chris Chamberlain; Andrew Cole; Wayne Cook; Tony Crabtree; Robert Dolan

*Defendant*s

Eric Edgar, Security Aide, SORTS, in his official and individual capacity; Brian Gillespie, Security Aide, SORTS, in his official and individual capacity; Jacob Hays, Security Aide, SORTS, in his official and individual capacity

*Defendants - Appellees*

John Hooker

*Defendant*

Brian Jones, Security Aide, SORTS, in his official and individual capacity

*Defendant - Appellee*

Kaleb Juliette; Linda Knox

*Defendant*s

Neil Koenig, Security Aide, SORTS, in his official and individual capacity

*Defendant - Appellee*

Larry Major; Jeff Miller

*Defendant*s

Chuck Parmley, Security Aide, SORTS, in his official and individual capacity

*Defendant - Appellee*

Rodney Rangel; Chris Robert; Darrin Sheets; Bryan Smith; Connie Smith

*Defendant*s

Micah Stewart, Security Aide, SORTS, in his official and individual capacity; Ben Thurman, Security Aide, SORTS, in his official and individual capacity

*Defendants - Appellees*

Jason Vinson

*Defendant*

Bruce Weeks, Security Aide, SORTS, in his official and individual capacity

*Defendant - Appellee*

Brenda Swift; John Does

*Defendant*s

Lora Eckhert, RN, SORTS, in his official and individual capacity

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 9, 2018
Filed: April 20, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Thomas Ingrassia brought suit against forty-four individuals working in various capacities at the Missouri Department of Mental Health's Sex Offender Rehabilitation and Treatment Services ("SORTS") facility. The facility houses individuals, like Ingrassia, who have been civilly committed due to their predisposition to commit sexually violent offenses. *See generally* Mo. Rev. Stat. §§ 632.480, 632.495. Ingrassia, who has been at the facility since his release from prison in 2008, advanced claims under 42 U.S.C. § 1983 and Missouri tort law.

After the district court[1] dismissed most of the defendants from the case, Ingrassia tried the case against the remaining defendants before a jury. The trial concerned four incidents of alleged excessive force, failure to intervene, and assault

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

and battery while restraining Ingrassia. The jury found for the defendants on every claim. Ingrassia now appeals, alleging five errors by the district court in conducting the trial.

Ingrassia first argues that the district court abused its discretion in not conducting a separate trial for each of the four incidents. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (noting standard of review).[2] But Ingrassia concedes that he never asked for separate trials, and we have held in similar circumstances that the failure to raise the issue before the district court constitutes a waiver. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990) ("We find appellants constructively waived their right to contest bifurcation by failing to raise an objection on the record below. Therefore, we need not reach the merits."). Even assuming that he had preserved the claim, however, it would fail. At trial, Ingrassia attempted to show a pattern of unlawful conduct by the defendants. Given this theory, the district court did not abuse its discretion in conducting one trial for all four incidents. *See Athey*, 234 F.3d at 362. That structure was efficient and fit with Ingrassia's theory of the case.

Ingrassia next argues that the district court abused its discretion in declining to exclude references at trial to the nature of his commitment and to his prior bad acts. *See Littleton v. McNeely*, 562 F.3d 880, 888 (8th Cir. 2009) (noting standard of review). He argues that this evidence was irrelevant and unduly prejudicial. *See United States v. Watson*, 650 F.3d 1084, 1089 (8th Cir. 2011) (citing Federal Rules of Evidence 401, 402, and 403). Yet the nature of his commitment was relevant to the circumstances surrounding the incidents at issue, and discussion of his prior bad

---

[2] Although Ingrassia does not identify the rule supporting his first claim, we interpret his claim as being rooted in Federal Rule of Civil Procedure 42 rather than Federal Rule of Civil Procedure 21. *See Reinholdson v. Minnesota*, 346 F.3d 847, 850-51 (8th Cir. 2003) (describing the difference and noting abuse-of-discretion standard of review for Rule 21).

acts was relevant to show the employees' states of mind during those incidents. *See McCrary-El v. Shaw*, 992 F.2d 809, 812 (8th Cir. 1993) (noting that prior bad acts of plaintiff can be relevant to state of mind of defendants). Juror *voir dire* on the subject of sex offenses also mitigated any unfair prejudice from the testimony. *See United States v. Poludniak*, 657 F.2d 948, 957 (8th Cir. 1981). We therefore conclude that the district court did not abuse its discretion in admitting the evidence. *See McCrary-El*, 992 F.2d at 812. Moreover, even assuming the district court allowed too much testimony on the above issues, the excess would not have had a "substantial influence on the jury verdict." *See Harris v. Chand*, 506 F.3d 1135, 1139 (8th Cir. 2007); *see also Wilson v. City of Des Moines*, 442 F.3d 637, 644 (8th Cir. 2006) ("Improper admission of evidence which is cumulative of matters shown by admissible evidence is harmless error.").[3]

For his third contention, Ingrassia argues that the district court abused its discretion in not declaring a mistrial after a defendant testified about his occupation as a "registered nurse with the Sexually Violent Predator's Unit," thus violating a court order against using the term "sexually violent predator." "We review the denial of a motion for a new trial for a clear abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice." *Maxfield v. Cintas Corp., No. 2*, 563 F.3d 691, 694 (8th Cir. 2009) (internal quotation marks omitted). We find no clear abuse of discretion. The jury was already aware of Ingrassia's sexually-violent past, and to the extent the "predator" remark caused unfair prejudice, juror *voir dire* on the subject of sex offenses mitigated it. *See Poludniak*, 657 F.2d at 957. This "one passing comment" was "not of such a magnitude" to warrant a new trial, *see Smiley v. Gary Crossley Ford, Inc.*, 859 F.3d

---

[3]We decline to separately address Ingrassia's bare references to Federal Rules of Evidence 608 and 609. *See Butler v. Crittenden Cty., Ark.*, 708 F.3d 1044, 1051 (8th Cir. 2013).

545, 556 (8th Cir. 2017), so the district court did not abuse its discretion in declining to order one, *see Fink v. Foley-Belsaw Co.*, 983 F.2d 111, 114-15 (8th Cir. 1993).

The remaining two alleged errors are also too insignificant to have prejudiced Ingrassia. *See McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1405 (8th Cir. 1994) (noting harmless error standard). The alleged errors are that: (1) the district court did not allow Ingrassia to elicit testimony regarding SORTS's failure to release any of its other residents during the times at issue in the case; and (2) the district court did not allow Ingrassia to impeach a non-defendant witness based on a different court's finding, in a different case, that the witness lacked credibility on a particular issue.

Even assuming the district court erred on these rulings, the rulings were peripheral to the question at trial: whether the defendants at SORTS used excessive force or committed related torts in restraining Ingrassia. In evaluating the defendants' actions, the jury watched videos of the incidents in question and heard evidence that Ingrassia was one of the most dangerous and threatening residents at SORTS. *See McCrary-El*, 992 F.2d at 812. Ingrassia also testified and offered his own account of the incidents. The trial lasted several days, and Ingrassia notes that the jury took less than an hour to find for the defendants. Nothing suggests that admitting the two facts noted above would have changed this result. We therefore conclude that any error for the two remaining claims was harmless. *See McKnight*, 36 F.3d at 1405.

For the foregoing reasons, we affirm.

_____